IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MIKHAIL BLYUMIN                  :

    v.                         :    Civil Action No. DKC 05-2835
                                                          Criminal Case No. DKC 03-0266

UNITED STATES OF AMERICA         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a *pro se* motion filed by Petitioner Mikhail Blyumin to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Paper 33). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will deny Blyumin's motion.

**I.  Background**

On January 12, 2004, Blyumin was convicted of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Blyumin pled guilty to the offense and signed a standard plea agreement with the government. Blyumin's attorney, Michael Montemarano, also signed the plea agreement. Under the agreement, Blyumin waived several of his substantive rights, including the right to take any appeal except for one

from an "upward or downward departure that is established at sentencing."

In its Presentence Investigation Report ("PSR"), the Probation Office calculated a total offense level of 23 and placed Blyumin in criminal history category VI, resulting in a guideline range of 92 to 115 months of imprisonment. On April 26, 2004, the court sentenced Blyumin to 92 months of imprisonment and three years of supervised release; the court entered judgment the next day. (Paper 24). Blyumin did not file an appeal with the United States Court of Appeals for the Fourth Circuit.

On April 25, 2005,[1] Blyumin filed a pleading captioned "Motion to Reopen a Final Court's Judgment and Commitment Court Pursuant [sic] The Civil P. Rule 60(b)." (Paper 27). By order on May 17, 2005, the court explained that this filing was improper, but that it would construe the motion as a petition under Section 2255 if Blyumin did not withdraw it within 20 days. (Paper 29). The order also instructed Blyumin to file the appropriate Section 2255 form within 20 days. (*Id.*).

---

[1] The Clerk received the pleading on May 5, 2005, but the pleading was signed on April 25, 2005. Under the "mailbox rule," the court treats the earlier date as the filing date. *Houston v. Lack*, 487 U.S. 266, 272-73 (1988).

Blyumin then filed another pleading titled "Motion to Withdraw Motion," which the court received on June 1, 2005. (Paper 30). In that motion, Blyumin also asked how to file a proper Section 2255 motion. (*Id.*). The court again instructed Blyumin to notify the court no later than September 14, 2005 of whether he intended to file another petition. (Paper 32). Under the court's order, any new petition – filed on the proper form – was due by October 14, 2005. (*Id.*). Blyumin subsequently filed the present Section 2255 motion on September 22, 2005 (received by the Clerk on October 14, 2005). (Paper 33).

**II. Analysis**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[.]" Thus, review under Section 2255 is a two-step process. *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010). The court first determines whether the prisoner has shown that his sentence is unlawful based on one of the specified grounds. *Id.* It then fashions any appropriate relief. *Id.*

Blyumin contends that he received ineffective assistance of counsel. Such claims are governed by another two-step inquiry, which the Supreme Court designed in *Strickland v. Washington*, 468 U.S. 668 (1984). The Fourth Circuit recently explained this test in *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010):

> The defendant bears the burden of proof as to both prongs of the standard. First, the defendant must show that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. Courts should be deferential in this inquiry, and have a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The defendant must therefore overcome the presumption that the representation might be considered sound trial strategy.
>
> Second, the defendant must demonstrate that counsel's inadequate performance prejudiced him. Thus, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability, in turn, is defined as a probability sufficient to undermine confidence in the outcome.

(citations and quotations omitted). In the context of a Section 2255 petition challenging a conviction following a guilty plea, a defendant establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v.*

4

*Mooney*, 497 F.3d 397, 401 (4th Cir. 2007). In this case, Blyumin cites three apparent reasons why his counsel was purportedly ineffective: (1) he did not file an appeal; (2) he did not obtain an interpreter even though counsel could not communicate with Blyumin; and (3) he did not review the PSR with Blyumin.[2]

**A. Failure to Advise Him of Right to Appeal**

Blyumin first argues that his counsel failed to advise him of his right to appeal his guilty plea. (Paper 33, at 5). Blyumin does not suggest that his attorney ignored instruction to file an appeal. If that was the case, he might have a viable claim of ineffective assistance. *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007). Here, however, Blyumin cannot establish the element of prejudice, even assuming that Montemarano failed to advise Blyumin of his right to appeal. The record is clear that he was otherwise informed of the right.

---

[2] Blyumin's petition also includes a fourth claim that obliquely references *res judicata*, prior convictions, and state sentences. Although the substance of his argument is ambiguous, it looks to be a challenge to this use of his prior convictions to enhance his sentence. To the extent such a claim is viable, it should have been raised in an appeal. As such, this non-constitutional claim has been procedurally defaulted and Blyumin has offered no reason why the court should entertain the collateral attack. *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999). The sentencing concerns raised in the memorandum appended to Blyumin's motion must be dismissed for the same reason.

First, Blyumin was indirectly informed of the right by the plea agreement he signed with the government. Although that agreement contained an appeal waiver, it explicitly reserved the right to appeal from an "upward or downward departure that is established at sentencing." Thus, the plea agreement that Blyumin signed indicated that he retained a limited right to appeal his sentence.

Second, Blyumin was directly informed of the right to appeal by the court. Pursuant to Federal Rule of Criminal Procedure 32(j)(1), the court advised Blyumin at his sentencing that he had a right to appeal within 10 days. When the court advises a defendant of his right to appeal, "his counsel's failure to do so does not constitute ineffective assistance." *United States v. Hurley*, 983 F.2d 1058 (Table), 1993 WL 3476, at *2 (4th Cir. 1993) (citing *Nelson v. Peyton*, 415 F.2d 1154, 1156 (4th Cir. 1969)).

### B. Failure to Request an Interpreter

Blyumin argues that his attorney ignored his request for an interpreter, which resulted in an ability to communicate with his counsel due to a language barrier. (Paper 33 at 5). Blyumin notes that he is a Russian-Ukrainian immigrant who does not speak fluent English. (*Id.* at 4). According to Blyumin, had his attorney properly obtained an interpreter, he would have

6

"realize[d] that the outcome of [his] case would've rendered different results." (*Id.* at 5).

The record flatly contradicts Blyumin's claim that a reasonable attorney would have been aware of any language problems. Montemarano states that he "observed no inability by Defendant to understand the terms of the plea agreement or the rights he was giving up thereby." (Paper 38, Montemarano Aff., at 9). He detailed particulars of their conversation. (*Id.*). And he noted that he was able to understand Blyumin when he spoke. (*Id.*). The presentence report buttresses Montemarano's view, indicating that Blyumin has lived in the United States since 1990 and that Blyumin "had no difficulty understanding or communicating in English" in the course of preparing the report.

More importantly, at his plea hearing, the court also placed Blyumin under oath and inquired about his ability to understand the proceedings. Blyumin responded that he could understand. Moreover, the court has received several more-than-cogent letters and filings from Blyumin in English. In light of the foregoing, there is no ineffectiveness. *See Gonzalez v. United States*, 33 F.3d 1047, 1051 (9th Cir. 1994) (finding no ineffectiveness where record did not contain evidence of petitioner's claimed inability to understand English); *Gallo-Vasquez v. United States*, 402 F.3d 793, 799 (7th Cir. 2005)

7

(same); *United States v. Ademaj*, 170 F.3d 58, 63 (1st Cir. 1999); *cf. United States v. Maldonado*, 241 F.App'x. 241, 344 (8th Cir. 2007) ("[H]e cannot now assert as error the lack of an interpreter at the plea hearing, when he assured the court at the hearing that he understood English, did not need an interpreter, and would inform the court if he did not understand the proceedings.").

### C. Failure to Discuss the Presentence Report with Blyumin

Finally, Blyumin contends that his counsel failed to discuss his PSR with him. (Paper 33, at 5). Montemarano disagrees, saying he reviewed the PSR with Blyumin, "paying specific attention to the criminal history-related issues, which were of paramount concern to Defendant." (Paper 38, Montemarano Aff., at 9).

The court need not resolve this factual disagreement, as the record reflects that Blyumin did not suffer any prejudice even if Blyumin did not review the PSR with his attorney. Blyumin admits that, at the very least, he received and reviewed the PSR himself. (Paper 33, at 5). Blyumin does not suggest that the document contained any specific errors and the court cannot find any. Blyumin received exactly what he bargained for under the agreement, a sentence at the low end of the guideline range. In light of the foregoing, Blyumin has not demonstrated

8

– or even argued – that the outcome of the sentencing would have been different if Montemarano had reviewed the PSR with him (assuming that he did not).  Accordingly, this claim fails.

    **D.    Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the court denies relief on procedural grounds, the prisoner must demonstrate two elements: (1) that the dispositive procedural ruling is debatable, and (2) that the petition states a debatable claim of the denial of a constitutional right.

*Slack*, 529 U.S. at 484-85; *see also United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004).  Therefore, regardless of the grounds for dismissal, there must always be a debatable constitutional claim.

Upon its review of the record, the court finds that Blyumin does not satisfy the above standard.

**III. Conclusion**

For the foregoing reasons, the petition will be denied.  A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
